IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TROY JAY MCRATH,      )
            )
    Plaintiff,     )
            )
v.           )   Civil Action No. 5:25-00757
            )
MELISSA FOX, *et al.*,     )
            )
    Defendants.    )

ORDER AND NOTICE

By Order entered on December 30, 2025, the undersigned directed Plaintiff to amend his

Complaint to specifically identify whether he is asserting a claim under the FTCA, Bivens, or both.

(Document No. 3.) On April 17, 2026, Plaintiff filed his Amended Complaint appearing to seek

relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*. for

"negligence." (Document No. 15.) As Defendants, Plaintiff names the following: (1) Melissa Fox,

Health Service Administrator; and (2) Z. Tilley, Registered Nurse. (Id.)

Although a review of Plaintiff's Amended Complaint indicates that Plaintiff is seeking to

initiate an FTCA action due to his allegations of negligence, Plaintiff only names appropriate

Defendants for a Bivens action. Thus, it is unclear as to whether Plaintiff is asserting (1) a tort

claim pursuant to the FTCA, (2) a Bivens claim[1] for alleged violations of his constitutional rights,

---

[1] A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to *Bivens*. *See Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475, 484-86,

or (3) both. ***The FTCA authorizes suits against the United States*** for damages for injuries or loss of property or personal injury or death caused by the ***negligent or wrongful act*** or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. Federal inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. See Carlson v. Green, 446 U.S. 14, 21-23, 100 S.Ct. 1468, 1472-74, 64 L.Ed.2d 15 (1980). By contrast, under Bivens inmates may assert claims of personal liability against ***individual prison officials*** for violations of their ***constitutional rights*** but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in Carlson, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a Bivens action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a Bivens remedy when it enacted the FTCA. Id. The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and Bivens as parallel, complementary causes of action." Id., 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon Carlson, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a Bivens action. Dunbar Corp v. Lindsey, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and Bivens actions in Dunbar Corp.: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under Bivens and (2) FTCA claims must be tried to the Court, whereas Bivens claims may be tried to a jury. Id. Accordingly, Plaintiff is **NOTIFIED** that he

---

114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Reingold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

should amend his Complaint to specifically identify whether he is asserting a claim under the FTCA, Bivens, or both.

To the extent Plaintiff wishes to pursue both a FTCA and Bivens action, Plaintiff is **NOTIFIED** of the FTCA judgment bar. By pursuing both a FTCA and Bivens claim, a plaintiff risks the application of the FTCA judgment bar. Thus, a plaintiff pursuing a FTCA claim to judgment assumes a calculated risk. Title 28 U.S.C. § 2676 provides that "[t]he judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Therefore, if Plaintiff elects to pursue his FTCA claim to "judgment," his "strategic decision triggers application of § 2676 to 'any action' – including constitutional claims – against the federal employee whose conduct was at issue in the adjudicated FTCA claim."

To the extent Plaintiff is asserting a FTCA claim, Plaintiff is **NOTIFIED** that he should amend his Complaint to name only the **United States** as the Defendant. If Plaintiff is asserting a FTCA claim based upon the alleged torts committed by staff at FCI Beckley, the undersigned finds that the United States is the only appropriate defendant concerning Plaintiff's FTCA claim. To the extent Plaintiff names individual officers or staff members at FCI Beckley as defendants in his FTCA action, the foregoing are improper defendants. In the Complaint, Plaintiff may assert allegations concerning negligent or wrongful acts by an individual officer or employee of the United States or FBOP. **The individual officer or employee, however, should not be named as a defendant in the Complaint.**

To the extent Plaintiff is asserting a Bivens claim, Plaintiff is **NOTIFIED** that he should amend his Complaint to name only individual defendants *and* state specific facts as to how each

3

defendant violated his constitutional rights. Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). To the extent Plaintiff names individual officers or staff members as Defendants, they are a proper defendant for the purposes of a Bivens action. Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. Plaintiff must also state what constitutional, statutory or common law rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Complaint (Document No. 1), Amended Complaint (Document No. 15), or additional documentation, or to incorporate the same by reference in the Final Amended Complaint. The Final Amended Complaint will supersede the original Complaint (Document No. 1), Amended Complaint (Document No. 15), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Plaintiff is **NOTIFIED** that, pursuant to Rule 10 of the Federal Rules of Civil Procedure, he should include a caption of the case with the names of the parties, and he should state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances" and each type of claim, if more than one, should be set out in a separate count, to promote clarity.[2]

---

[2] In the "Statement of Claim" section of the form Complaint, plaintiffs are advised to set forth each claim in a separate paragraph and to attach extra sheets if necessary. ***Plaintiff, however, should restrict his Amended Complaint to twenty (20) pages.***

Fed. R. Civ. P. 10.

Finally, Plaintiff is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies ***prior*** to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider such as a denial and proceed to the next

---

[3] 42 U.S.C. § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

level in the administrative remedy process. Additionally, Plaintiff is notified that administrative

process for a FTCA and <u>Bivens</u> action differ.[4] Plaintiff indicates that the exhausted or attempted

to exhaust his administrative remedies by filing a BP-9. Plaintiff is **NOTIFIED** that a BP-9 is

related to the attempted exhaustion of his administrative remedies concerning a <u>Bivens</u> action. As

more thoroughly explained in Footnote 4, Plaintiff must exhaust his administrative remedies

pursuant to 28 C.F.R. §§ 14.1 – 14.11 if he wishes to pursue a claim under the FTCA. Plaintiff is

**NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief,

---

[4] The administrative process which inmates must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the inmate must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. *Id.*, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the inmate's claim as the circumstances may require, *Id.*, §§ 14.6 and 14.8, the agency may deny or approve the inmate's claim. If the agency denies the inmate's claim, he may file suit in the District Court within six months of the mailing of the denial. *Id.*, § 14.9(a). The Director of the Federal Bureau of Prisons is authorized to settle meritorious administrative Federal tort claims by providing monetary compensation. 28 C.F.R. §§ 0.96(k) and 0.172. For *Bivens* purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." *Dale v. Lappin*, 376 F.3d at 655 (internal citations omitted); *also see Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve her complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. *Id.* Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. *Id.*, § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. *Id.*, § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. *Id.*, § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. *Id.*, § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. *Id.*, § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. *Id.*, § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. *Id.*, § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. *Id.*, § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. *Id.*, § 542.17(c).

he should voluntarily dismiss this action and initiate a new action upon completion of the administrative remedy process.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff has until **May 26, 2026**, to amend his Complaint. Failure of the Plaintiff to amend his Complaint by May 26, 2026, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[5] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[6].

The Clerk is requested to mail a copy of this Order and a "Complaint for a Civil Case" form" to Plaintiff, who is acting *pro se*.

ENTER: April 20, 2026.



Omar J. Aboulhosn
United States Magistrate Judge

---

[5] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[6] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.